# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| KENNETH PERRY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:12-cv-73(WLS) |
| : | |
| DEPARTMENT OF THE ARMY, : | |
| ARMY BOARD FOR CORRECTION : | |
| OF MILITARY RECORDS, and : | |
| JOHN MCHUGH, Secretary of the : | |
| Army,[1] : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Before the Court is Defendant Department of the Army's Motion for Judgment on the Pleadings, which the Court treats as a Motion for Summary Judgment. For the reasons that follow, Defendant's Motion is **GRANTED**.

## I. Procedural Background

Plaintiff Kenneth Perry is a veteran of the United States Army seeking to correct his military records. On June 24, 2010, he applied to the Army Board for Correction of Military Records (ABCMR) to correct his discharge papers to show his active service caused and aggravated a medical condition known as scleroderma. After the ABCMR denied his application, Perry filed suit in this Court requesting review of that decision.

In a motion for judgment on the pleadings, Defendant now moves to dismiss the case. (Doc. 13.) Defendant claims that the Court's review of the ABCMR's decision is limited to the administrative record. And having provided the full record, Defendant argues it is entitled to judgment as a matter of law because the ABCMR's decisions were

---

[1] At the Government's request, the Court added Secretary John McHugh to this cause of action to eliminate the issue of whether Perry added the proper party. *See Remy v. Air Force Bd. for Correction of Military Records*, 701 F. Supp. 1261, 1264 n.1 (E.D. Va. 1988).

not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. After the Parties had completed briefing, the Court noticed them it intended to treat the motion as a motion for summary judgment. The Court allowed the Parties to supplement their responses.

When a Court considers evidence outside of the complaint on a motion to dismiss, it should notice the Parties it intends to treat the motion as a motion for summary judgment. *Washington v. Office of the Comptroller of the Currency*, 856 F.2d 1507, 1510–11 (11th Cir. 1988). Having followed that process, the Court now turns to the record evidence.

### I. Statement of Facts

The following statement of facts is derived from the complaint, the answer, the administrative record, and the Parties' supplemental filings.

#### a. Perry's military service and medical history

Kenneth Perry served in the Regular Army from August 11, 1981, to August 9, 1985. In 1986, he enlisted in the Louisiana Army National Guard and served as a vehicle mechanic. On July 11, 1989, while on active duty for training, Perry received a medical exam to determine the origin of edema in his hands. The Statement of Medical Examination and Duty Status arising from the exam noted that Perry's hands swelled during training and the injury was "likely to result in a claim against the Government for future medical care" and that the injury "incurred in the line of duty." (Administrative Record (AR) at 52.) Witnesses substantiated this information through written statements. (*Id.* at 54–56.)

On November 30, 1990, the Army ordered Perry into active duty for Operation Desert Storm.

The Army Medical Evaluation Board (MEB) began reviewing Perry's case. A March 14, 1991 medical report states that Perry had a history of scleroderma, diagnosed in August 1990. (*Id.* at 61.) The scleroderma caused digital infarcts, requiring Perry to wear gloves in cool weather. The report noted that the infarcts had limited Perry's performance in his occupation as a mechanic. Additionally, the report concluded that "[d]ue to the unpredictable nature of this disease process and with the poor response to aggressive medical therapy and also with the current gastrointestinal manifestation, it is expected that this patient's disease process has a poor prognosis."

On April 30, 1991, the MEB Board found that Perry suffered from scleroderma that originated in August 1990, while Perry was entitled to base pay. (*Id.* at 37.) The MEB found that the condition incurred while Perry was entitled to base pay, did not exist prior to service, and that service did not permanently aggravate the condition. The MEB then referred Perry's case to the Physical Evaluation Board (PEB).

The PEB is responsible for evaluating and investigating soldiers' physical disabilities and for making findings and recommendations to determine whether they are eligible to be separated or retired because of physical disability. Army Regulation 635-40 ¶ 4-17(a). An informal PEB reviewed Perry's case in June 1991. (AR at 36.) The informal PEB found that Perry had scleroderma and that "[t]here is compelling evidence to support a finding that the current condition existed prior to service (EPTS) and was not permanently aggravated by such service." The informal PEB found that Perry did not incur the condition while entitled to base pay or during a time of national emergency, and that it was not a proximate result of performing his duties. Additionally, it found Perry physically unfit for service and noted his condition prevented reasonable performance of his duties.

Perry disagreed with the PEB's findings and a formal PEB convened to review his medical condition. During the review, Perry was represented by counsel. The formal PEB confirmed the informal PEB's findings. It therefore recommended that Perry be separated from service without disability benefits. The Secretary of the Army approved the findings on August 26, 1991.

On September 16, 1991, Perry was honorably discharged without severance pay because of his physical disability.

### B. ABCMR proceedings

On June 24, 2010, Perry applied to the ABCMR to correct his Department of Defense Form 214 (Certificate of Release or Discharge from Active Service) to reflect that his scleroderma did not exist prior to, and was aggravated by, his military service. In support of this claim, Perry filed a number of documents from the initial stages of his medical exams stating that the condition occurred in the line of duty.

On February 3, 2011, the ABCMR denied Perry's application. Doing so, the AMBCR waived the three-year statute of limitations to review the claim on its merits. It reviewed all of the medical forms Perry provided, the MEB proceedings, the PEB proceedings, and his personnel file. Based on its review of the evidence and regulations, the ABCMR found:

> 1.  The evidence of record does not support the applicant's request for correction of his DD Form 214 to how the disability for which he was discharged did not exist prior to service and it was aggravated by military service
> 2.  The evidence of record shows the process that led to his discharge for disability followed the rules and guidelines established in law and regulations
> 3.  There is no evidence contradicting the PEB's finding that his scleroderma was a condition that existed prior to service. Considering the cause of scleroderma is unknown, the onset of symptoms cannot be attributed to military service. The fact that he reported symptoms while he was in an ADT status can only be considered coincidental. There is no evidence showing he suffered any service-aggravated complications. Accord-

4

>ingly, the PEB's recommendation to discharge him for disability without a rating and without benefits was appropriate.

(AR at 29–30.)

Perry requested reconsideration of this decision on April 15, 2011. (*Id.* at 18.) In his application for reconsideration, Perry claimed that the PEB's decision was unreliable because it failed to consider previous evidence of the scleroderma's date of onset. Perry also argued that "[i]f the member has more than 8 years of Active Service, he/she may be medically retired (if eligible) or medically separated with severance pay, even if the condition was pre-existing or hereditary. This veteran has over Ten (10) years of dedicated service." Perry provided three exhibits previously available to the ABCMR to support this claim. After a second review of Perry's medical history and exhibits, the ABCMR found that reconsideration was unwarranted. (*Id.* at 14–16.) Specifically, the ABCMR found that Perry "restates the previous argument and provides exhibits that were, in fact, available to and considered by the Board during its original review." It also determined that [t]he evidence of record confirms the applicant was properly processed through the ARMY [Physical Disability Evaluation System]. There is no evidence to show the applicant's scleroderma was incurred while he was entitled to basic pay. All requirements of law and regulation were met and his rights were fully protected throughout the separation process. There is no new evidence or new argument that would support granting the requested relief or amendment of the original decision in this case."

On January 24, 2012, Perry filed a second request for reconsideration. (*Id.* at 5.) This time, Perry argued that the ABCMR failed to consider the "8 years rule" entitling him to benefits. The ABCMR denied the request for reconsideration under Army Regulation 15-185, allowing "an application to request reconsideration of an earlier ABCMR

5

decision if . . . it has not previously been reconsidered." Because Perry had previously filed a request for reconsideration, the ABCMR declined to review the request.

## II. Discussion
### A. Summary Judgment Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir. 1990). A fact is "material" if it is a legal element of the claim under the applicable substantive law and it might affect the outcome of the nonmoving party's case. *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986)). A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999); Celotex Corp., 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party must do more

than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmoving party must provide "enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986)).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *Celotex Corp.*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### B. Review of the ABCMR's decisions under the Administrative Procedure Act

The Administrative Procedure Act (APA), 5 U.S.C. § 706, permits a district court to review the decisions of an administrative agency and "hold unlawful and set aside any agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). A district court has authority under the APA to review the ABCMR's decisions. *Wise v. Heddell*, No. 5:09-cv-127 (CAR), 2010 WL 2688730, at *6–7 (M.D. Ga. Jul. 1, 2010). *See also Clinton v. Goldsmith*, 526 U.S. 529, 539 (1999) ("A servicemember claiming something other than monetary relief may challenge a BCMR's decision to sustain a decision to drop him from the rolls (or otherwise dismissing him) as final agency action under the Administrative Procedure Act (APA). (citation omitted)).

"But military administrators are presumed to act lawfully and in good faith like other public officers, and the military is entitled to substantial deference in the govern-

ance of its affairs." *Dodson v. U.S. Gov't, Dep't of Army*, 988 F.2d 1199, 1204 (Fed. Cir. 1993). The ABCMR's decisions "are subject to judicial review and can be set aside if they are arbitrary, capricious, or not based on substantial evidence." *Chappell v. Wallace*, 462 U.S. 296, 303 (1983); *Nolen v. Rumsfeld*, 535 F.2d 888, 889–90 (5th Cir. 1976). Under the APA, an agency decision is arbitrary and capricious where the "agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). A former servicemember must present "cogent and clearly convincing evidence" that the ABCMR acted arbitrarily or capriciously. *Dodson*, 988 F.2d at 1204–05. This standard of review is "exceedingly deferential." *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008).

At the end of the day, "[a] reviewing court may only consider whether the administrative decision making process was deficient and remand the matter for further review." *Wise*, 2010 WL 2688730, at *7. But remand is unnecessary where the agency's mistake was harmless or without prejudice. *See U.S. Steep Corp. v. U.S. E.P.A.*, 595 F.2d 207, 215 (5th Cir. 1979) (citation omitted). This is so because the APA requires courts to "take due account of 'the rule of prejudicial error.'" 5 U.S.C. § 706. The prejudicial error doctrine applies when there is a "clear" absence of prejudice. *U.S. Steel Corp.*, 595 F.3d at 215. The burden of establishing the possibility of prejudice rests with the plaintiff. *Powers v. U.S. Dep't of Agric.*, No. 5:-04-cv-526, 2006 WL 2735155, at *8 (M.D. Fla. Sept. 25, 2006). "Agency missteps . . . may be disregarded where it is clear that a remand would accomplish nothing beyond further expense and delay." *Save Our Herit-*

8

*age, Inc. v. F.A.A.*, 269 F.3d 49, 61–62 (1st Cir. 2001) (citation and internal quotation marks omitted).

Perry claims the ABCMR erred for two reasons. First, he essentially argues that the weight of the evidence establishes his service caused and aggravated his scleroderma. Second, he apparently contends the ABCMR erred by failing to apply an Army Regulation granting disability benefits to service members who have eight years' active service. Perry failed on both grounds to provide cogent and clearly convincing evidence that the ABCMR's decisions were arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with the law. The Government is therefore entitled to a judgment as a matter of law.

First, Perry's claim that the ABCMR should have concluded his scleroderma existed prior to service is without merit. The ABCMR twice considered and rejected the argument. There appears to be no dispute that the ABCMR reviewed every piece of evidence Perry provided. In all of his filings, Perry repeatedly refers to DA Form 2173 (Statement of Medical Examination and Duty Status), which reported that Perry incurred scleroderma during the line of duty, and the MEB proceeding reports. But the ABCMR explicitly considered this evidence and balanced it against the other record evidence. The ABCMR nonetheless found "[t]here is no evidence contradicting the PEB's finding that his scleroderma was a condition that existed prior to service. Considering the cause of scleroderma is unknown, the onset of symptoms cannot be attributed to military service. The fact that he reported symptoms while he was in an ADT status can only be considered coincidental."

Perry obviously disagrees with this conclusion, but he cannot prevail by simply pointing to documents that support his case. The Court does not sit to reweigh or reinvestigate the ABCMR's decision. Perry has not shown that ABCMR ignored that evi-

9

dence, gave other factors impermissible weight, or otherwise abused its discretion. Moreover, the ABCMR's conclusion was supported by substantial evidence. The ABCMR was entitled to credit the informal and formal PEB, particularly because the MEB, which came to a different conclusion in this case, refers cases to the PEB for official fact-finding and recommendations. The PEB twice found that the condition existed prior to service and was not service aggravated. Thus, the evidence supports the ABCMR's decision.

After the ABCMR concluded Perry's service did not cause or aggravate his scleroderma, it followed applicable Army Regulations in finding Perry ineligible for a disability rating or disability benefits. Specifically, Paragraph 4-19 of Army Regulation 635-40 provides that "[s]oldiers who are unfit by reason of physical disability neither incurred nor aggravated during any period of service while entitled to basic pay, or as a the proximate result of performing active duty or inactive duty training, but which effects performance, will be separated for physical disability without entitlement to benefits." The ABCMR applied this provision, as did the PEB, and found that there was no error or injustice to remedy.[2]

Likewise, Perry has not presented cogent and clearly convincing evidence that the ABCMR acted arbitrarily, capriciously, or abused its discretion in denying his application for reconsideration. In the application, Perry reasserted his claim that medical reports proved his service caused scleroderma, but he also argued, for the first time, that "[i]f the member has more than 8 years of Active Service, he/she may be medically retired (if eligible) or medically separated with severance pay, even if the condition was pre-existing or hereditary. This veteran has over Ten (10) years of dedicated service."

---

[2] The initial ABCMR apparently cited the incorrect regulation when reaching this conclusion. It remedied the mistake by referring to the correct regulation in the request for reconsideration. But, in any event, the ABCMR's rationale and language show it applied this regulation, so the failure to cite to it was harmless.

Although Perry did not cite any authority for this proposition, the Court agrees with the Government that he is likely referring to Army Regulation 630-45 ¶ 4-19(f) or 10 U.S.C. § 1207a. The 1990 version of Army Regulation 630-45 ¶ 4-19(f) provides:

> f. *Entitlements to benefits*. The following rules apply when deciding whether a soldier is entitled to Army disability retired or severance pay.
>    (1) Sections 1201 through 1203, title 10, United States Code (10 USC 1201 thru 1203) establish the criteria for compensation for soldiers of the Regular Army or soldiers of the RC ordered to active duty for more than 30 days (other than for training under 10 USC 270(b)). These criteria include the following:
>       (a) Disability was incurred while the soldier was entitled to basic pay.
>       (b) The disability is not the result of the soldier's intentional misconduct or willful neglect, and was not incurred during a period of unauthorized absence; and either the soldier has at least eight years of active federal service for retirement; the disability is the proximate result of performing active duty; the disability was incurred in the line of duty in time of war or national emergency; or the disability was incurred in line of duty after September 14, 1978.

In considering this claim, the ABCMR found that

> [t]he evidence of record confirms the applicant was properly processed through the ARMY [Physical Disability Evaluation System]. *There is no evidence to show the applicant's scleroderma was incurred while he was entitled to basic pay*. All requirements of law and regulation were met and his rights were fully protected throughout the separation process. There is no new evidence or new argument that would support granting the requested relief or amendment of the original decision in this case.

(AR. 16 (emphasis added).)

Although the ABCMR could have rejected Perry's reliance on Paragraph 4-19(f) more overtly, the Court finds no reason to remand. "[A]n agency's decision [need not] be a model of analytic precision to survive a challenge. A reviewing court will 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997) (quoting *Dickson v. Secretary of Defense*, 68 F.3d 1396, 1404 (D.C. Cir. 1995)). The ABCMR's path is discernible because the finding that "[t]here is no evidence to show the applicant's scleroderma was incurred

11

while he was entitled to basic pay" necessarily precludes any Army disability retired or severance pay under the 1990 versions of Army Regulation 635-40 and 10 U.S.C. §§ 1201, 1202, 1203.[3] But to the extent the ABCMR's failure to cite that regulation was error, the error was harmless because it is clear the result would have been the same either way.

As noted previously, there was also a rational connection between that finding and the record evidence before the ABCMR. Specifically, the informal and formal PEB found that Perry did not incur the condition during service.

## III. Conclusion

For those reasons, Defendant's Motion for Summary Judgment (Doc. 13) is **GRANTED.**

**SO ORDERED**, this   15th   day of August 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[3] Title 10, United States Code section 1207a was enacted in 1999. Therefore, to the extent Perry claims the ABCMR erred for failing to apply it, that argument is without merit. Perry was honorably discharged in 1991, so the statute did not apply to him.